IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAIN STREET RENEWAL, LLC,

    Plaintiff,

v.

TAVIAR JONES, *and all other occupants*,

    Defendant.

CIVIL ACTION FILE NO.

1:17-cv-4372-ODE-JKL

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Taviar Jones's application for leave to proceed *in forma pauperis* ("IFP") on his notice of removal of a state dispossessory action to this Court. [Doc. 1.] After considering Jones's application, I find that he meets the requirements for IFP status and **GRANT** his request to proceed IFP pursuant to 28 U.S.C. § 1915(a). Nevertheless, this Court does not have subject matter jurisdiction over the removal action. I therefore **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Fulton County.

In the underlying dispossessory action, Plaintiff Main Street Renewal, LLC ("Main Street") alleged that Jones failed to pay the rent for a leased premises located in Fulton County. [Doc. 1-1 at 10.] Main Street demanded possession of the premises, $3,330.65 in past due rent, current rent accruing at a rate of $1745.00 per month, and $200.00 in late fees, attorney fees of $513.00, and insurance fees of $34.34. [*Id.*]

Jones argues in his notice of removal that this Court has subject matter jurisdiction over the dispossessory action under 28 U.S.C. § 1443, which provides for the removal of certain civil rights cases to federal court. [Doc. 1-1 at 1-6.] He also appears to suggest that there is federal question and diversity jurisdiction over the removal action. [*See id.*; *see also* Doc. 1-3 at 1 (civil cover sheet).]

Although Jones does not expressly assert that there is a federal question in the removal action, it is clear to the Court that there is not. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-1 at 10.] Indeed, jurisdiction over the initiation and trial of a dispossessory action filed in

Georgia is entirely in the state court system. *See* O.C.G.A. § 44-7-50, *et seq*. Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv-357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Jones wishes to assert defenses based on alleged violations of his constitutional rights [*see* Doc. 1-1 at 1-6], this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

It is similarly clear that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). It appears that both Main Street and Jones are Georgia citizens [Doc. 1-3 at 1]; since they are therefore not diverse for jurisdictional purposes, he cannot remove the action to federal court. 28 U.S.C. § 1441(b)(2); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (removing party bears the burden of establishing that the parties are diverse). Additionally, the dispossessory claim against him cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a).

3

*See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy); *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), *aff'd* 35 F. App'x 858 (11th Cir. 2002) (same). Further, the demand for rent and other costs was well below $75,000. Thus, the amount in controversy requirement in § 1332(a) is not met in this case. *See* 28 U.S.C. § 1332(a).

Regarding Jones's argument that this Court has jurisdiction over his dispossessory case under the provisions in § 1443 for the removal of civil rights cases, § 1443(1) provides that a defendant may remove a case initiated in state court if he is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A notice of removal under § 1443(1) must show that the right on which the defendant relies arises under federal law "providing for specific civil rights stated in terms of racial equality," and the defendant has been denied or cannot enforce that right in state court. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).

Jones argues generally that his various constitutional rights have been violated, that Main Street does not have standing to pursue the dispossessory action in state court, and that Jones has not yet had an opportunity to present the facts of his case to the state court. [Doc. 1-1 at 1-6.] These assertions cannot support a claim for removal because § 1443(1) only applies to "specific civil rights stated in terms of racial equality." *See Conley*, 245 F.3d at 1295; *see also id.* at 1295-96 ("[A] defendant's right to a fair trial and equal protection of the laws . . . do[es] not arise from legislation providing for specific civil rights in terms of racial equality[.] Therefore, to the extent [that petitioner] relies upon broad assertions under the Equal Protection Clause . . . , those rights are insufficient to support a valid claim for removal under § 1443(1)." (quotation omitted)).

Jones also cannot proceed under § 1443(2), which provides a right of removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has held that the first clause in § 1443(2)—referring to "any act under color of authority"—confers the right to remove only upon "federal officers or agents and those authorized to act with them or for them in affirmatively executing duties under any federal law

5

providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). The second clause—referring to the refusal "to do any act on the ground that it would be inconsistent with such law"—allows removal by state officers. *Id.* at 824 n.22. Jones has neither alleged nor shown that he is a federal or state officer or is working for one. *See id.* at 824 & n.22.

In sum, the Court finds that Jones meets the financial requirements for IFP status and **GRANTS** his IFP application. [Doc. 1.] Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

IT IS SO ORDERED AND RECOMMENDED this 6th day of November, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge